## Stredny v. Wyeth Laboratories

*Paul E. Kanjorski* and *A. Peter Kanjorski, Jr.,* for plaintiff.

*John A. Gallagher,* for Wyeth Laboratories.

*George A. Spohrer,* for Wilkes-Barre General Hospital.

BIGELOW and HOURIGAN, JJ., March 2, 1972.— This matter comes before the court on preliminary objections of defendants, Wyeth Laboratories and Wilkes-Barre General Hospital, to plaintiff's complaint in trespass.

Plaintiff's complaint avers that plaintiff's decedent, her husband, purchased and consumed a cube of Sabin Oral Polio Vaccine at Lake Lehman High School, Luzerne County, Pa., on September 15, 1963. Plaintiff's decedent contracted poliomyelitis and was hospitalized from September 26, 1963, until his death

on December 21, 1963. This action was started by a summons on December 19, 1964. The complaint was filed on March 16, 1971.

Plaintiff, individually and as administratrix of the estate of Edward B. Stredny, has set forth in her complaint four causes of action divided into two counts. The first count deals with the negligence of defendants and avers a cause of action under the survival statute, and a cause of action under the wrongful death act.

The second count of the complaint sets forth a theory of strict liability as against defendants, and like the first count, avers a cause of action under the survival statute and one under the wrongful death statute.

Defendant Wyeth Laboratories, division of American Home Products Corporation, (hereinafter referred to as Wyeth) filed preliminary objections to the complaint of plaintiff in the nature of a motion for more specific complaint and motion to strike.

The motion for more specific complaint is as follows:

"1. Plaintiff declared in her complaint against three defendants and therefore she must be specific in alleging which defendant manufactured, sold, and to whom the Sabin Oral Polio Vaccine was offered.

"2. Plaintiff must also allege what is meant by the phrase: 'in connection with a mass immunization program', in that she must allege what it is, who was responsible for it, and specifically what each defendant did that was wrong or negligent.

"3. Plaintiff's complaint does not separate the allegations of negligence by each of the three defendants with a particularity necessary so that a proper Answer can be made by the defendant Wyeth. Plain-

tiff should be required to allege affirmatively the acts of negligence committed by each defendant which were wrong and which contributed or caused the death of her decedent."

Defendant, Wilkes-Barre General Hospital (hereinafter referred to as hospital) in its motion for a more specific complaint, advanced the same defects, inter alia, as are set forth above.

Paragraphs 5, 7, 8, 11 and 12 of plaintiff's complaint contain allegations of negligence attributed to "defendants" without specifying by name which defendant or defendants is intended. Such a procedure does not adequately advise the individual defendants or the court of what each defendant will be called upon to meet at the trial, nor does it define the issues for trial. See Goodrich-Amram, Procedural Rules Service, Volume One, §1019-1.

In Price v. The Pennsylvania Railroad Co., 17 D. & C. 2d 518,523 (1958), the court stated that "Plaintiff should describe what happened with sufficient particularity, so that defendants may know what they must answer." These remarks are amplified by reference to 3 Standard Pennsylvania Practice (Revised), Complaint, §33, at page 139, which reads in part:

"Good pleading requires, not only that every material fact essential to the plaintiff's cause of action be averred in the complaint, but that these essentials of a good cause of action be set forth with sufficient particularity and precision to give the defendant clear, exact, and definite information of the nature, character, and foundation of the demand he is to meet. The Civil Rules do not dispense with time-honored requirements in regard to the particularity with which matters of substance, indispensable to an intelligent and just judgment between the parties, must be set out."

Paragraph 7 of plaintiff's complaint is illustrative of the lack of specificity and difficulty presented to the individual defendants by paragraphs 5, 7, 8, 11 and 12.

"7. The Defendants negligently manufactured, produced, tested, packaged, sold and offered to the general public the aforementioned serum drug and vaccine, Sabin Oral Polio Vaccine in that, inter-alia, in packaging, selling or particularly in the distribution of the said vaccine to the general public in connection with a mass immunization program, Defendants failed to warn or to notify the deceased, Edward B. Stredny, who was then approximately 30 years of age, and the general public, that there was a relatively high incidence of polio incurred by persons over 28 years of age who consumed said vaccine."

Is the failure to warn the only act of negligence averred by plaintiff? In what way was the serum drug and vaccine negligently manufactured or was the resulting product precisely what was intended as was the finding in Davis et ux. v. Wyeth Laboratories, Inc., et al., 399 F. 2d 121 (1968), which was cited by Wyeth and plaintiff during oral argument? What part did Wyeth and the hospital play in the mass immunization program?

We find that the lack of sufficient facts offered upon which defendants may know what they must answer necessitates our granting defendants' motion for a more specific complaint.

Wyeth's motion to strike asserts that:

"1. Plaintiff's complaint, contrary to law, is divided into: 'First Count—Negligence' and 'Second Count—Strict Liability.'"

". . . Plaintiff cannot under the wrongful death statutes and the survival act declare as an individual and as administratrix. . . ."

Plaintiff's complaint has two counts with two

causes of action in each count. The allegations in some paragraphs are against all defendants, while other paragraphs set forth allegations against individual defendants. Plaintiff is required to set forth each cause of action against each defendant in a separate count under a separate heading: 2A Anderson Pa. Civil Practice, §1020.4, p. 372. Therefore, Wyeth's motion to strike for this reason is well taken.

Wyeth's objection to plaintiff bringing this action under the wrongful death statute and the survival act as an individual and as administratrix of the estate of Edward B. Stredny, is likewise correct.

The survival action is brought, in effect, on behalf of decedent and the amount recovered becomes part of his estate. Since plaintiff as an individual has no standing to bring a survival action, she must do so only as the administratrix of decedent's estate.

An action for wrongful death may only be brought by the personal representative during the first six months. In the second six months only the personal representative or a person entitled to share in the damages recoverable may institute the action. Even one suing in the latter category sues as "trustee ad litem," not individually. However, see 4 Anderson Pa. Civil Practice, §2202.2, p. 449:

"The action brought by the personal representative is always brought by him in that capacity regardless of whether he sues in the first or second six-months period."

Defendant hospital filed preliminary objections to plaintiff's complaint in the nature of a demurrer and motion for a more specific complaint. It is the hospital's contention that the only allegation in plaintiff's complaint containing the activity of defendant hospital is contained in paragraph 10, wherein plaintiff makes the blanket allegation that the hospital

through its agents, servants, workmen, and employes, from September 26, 1963, through December 21, 1963, failed to properly and adequately diagnose and treat the deceased. We agree with this position and find that this general averment of negligence without any supporting facts fails to present a cause of action based on negligence.

Accordingly, we enter the following:

## ORDER

Now, March 2, 1972, at 1:50 p.m., it is ordered and decreed that:

1. The motion to strike the complaint as it pertains to defendant Wyeth is granted unless plaintiff files an amended complaint in accordance with this decision within 30 days.

2. The demurrer as it pertains to defendant, Wilkes-Barre General Hospital, is sustained unless plaintiff files an amended complaint in accordance with this decision within 30 days.